UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| GREGORY JAMES CHIARTANO | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-6288 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, ET AL. | * | SECTION "J" (2) |

**ORDER AND REASONS**

Pending before me is Defendants Dover Bay Specialty Insurance Company and State Farm Fire and Casualty Insurance Company's Motion to Opt Out of Streamlined Settlement Program. ECF No. 10. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, February 27, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Opt Out (ECF No. 10) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Gregory James Chiartano filed suit in state court against Defendants Dover Bay Specialty Insurance Company and State Farm Fire and Casualty Insurance Company seeking to recover for losses incurred as a result of Hurricane Ida, as well as extra-contractual damages. ECF No. 1-1. After removal, Defendants filed a Motion to Dismiss for Failure to State a Claim, which Judge Barbier recently denied as premature given the parties' failure to opt out of the Hurricane Ida Streamlined Settlement Program ("SSP") within 15 days of the filing of Defendants' responsive pleading. ECF Nos. 7, 9.

Defendants now seek leave to opt out of the SSP in order to file a dispositive motion seeking dismissal on the basis that Plaintiff is not a named or additional insured under the policy

of insurance. ECF No. 10-1 at 2. Defendants admit that they failed to timely request leave to opt out of the SSP but argue that, if they were to file an answer in order for the parties to proceed with a CMO mediation, they would waive certain defenses under Rule 12. *Id*. Defendants further argue that State Farm has filed similar motions to dismiss in Hurricane Ida cases in this Court, which motions were granted without either party opting out of the SSP. *Id*. at 2-3 (citing cases). Moreover, Defendants argue, they cannot participate in a mediation with Plaintiff because he is not a named or additional insured under the policy. *Id*. at 3. Defendants argue that, just as Chief Magistrate Judge North may authorize a stay of discovery in Hurricane Ida cases in "exceptional circumstances," this Court should permit the parties to opt out of the SSP so that Defendants may re-file their dispositive motion despite the expiration of the opt-out deadline. *Id*.

## II.   APPLICABLE LAW & ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause. *See* Section 3.

Although Defendants failed to seek leave to opt-out of the SSP within fifteen days of filing a responsive pleading, as recently explained by Chief Judge Brown, the court adopted the Hurricane Ida CMO to facilitate the speedy and orderly resolution of insurance cases arising out of Hurricane Ida through the SSP.[1]  Requiring the parties to proceed with the SSP when the

---

[1] *Okpalobi v. American Nat'l Prop. & Cas. Co.*, No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024).

plaintiff is alleged to have no viable claim because he is not a named insured or third party beneficiary hinders the efficient resolution of this matter and thus would be contrary to the goals of the CMO.[2]  District judges on our court have granted delinquent motions to opt-out when same promotes the efficient administration of justice.[3]   Accordingly, Defendants' request to opt-out of the CMO is granted, but only for the limited purpose of filing their dispositive motion.  The parties remain obliged to comply with all other terms of the CMO unless or until the matter is resolved on Defendant's motion or otherwise.

### III.  CONCLUSION

For the foregoing reasons, Defendants are granted limited relief from the CMO, solely for purposes of pursuing their Motion to Dismiss on the basis of whether Plaintiff is a named or additional insured under the governing policy.  Accordingly,

IT IS ORDERED that Defendants' Motion to Opt Out of the Streamlined Settlement Program (ECF No. 10) is GRANTED IN PART AND DENIED IN PART.  Defendants are granted limited relief from the CMO's automatic stay solely to enable them to pursue their motion to dismiss as set forth herein.  If the motion is denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this ___6th___ day of March, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] *Id*.
[3] *Id*. (citations omitted).