UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY CHIARTANO                          CIVIL ACTION

VERSUS                                     NO: 23-6288

STATE FARM FIRE AND                        SECTION: "J"(2)
CASUALTY INSURANCE
COMPANY, ET AL

## ORDER & REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 12)**, filed by Defendants
State Farm Fire and Casualty Company and/or Dover Bay Specialty Insurance
Company (collectively referred to as "State Farm") and an opposition filed by Plaintiff
Gregory James Chiartano (Rec. Doc. 13) to which State Farm has replied (Rec. Doc.
14). Having considered the motions and legal memoranda, the record, and the
applicable law, the Court finds that the motion should be **GRANTED in part and
DENIED in part.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of damages to Plaintiff's New Orleans property caused by
Hurricane Ida. At the time of the storm, the property was owned by George and Adele
Trepagnier and was insured by State Farm under policy number 18-P0-9461-2 ("the
Policy"). The Trepagniers made a claim for their storm-caused losses under the Policy
on October 9, 2021 ("the Claim"). While this claim was pending, the Trepagniers sold
the property to Plaintiff on December 20, 2021. As a part of the sale, the Trepagniers

executed an Assignment of Rights, transferring their post-loss rights under the Policy to Plaintiff. The Trepagniers then cancelled the Policy on December 21, the day after the sale. Plaintiff recorded the Assignment of Rights in the conveyance records of Orleans Parish but did not notify State Farm or obtain its consent for the Assignment. In fact, Plaintiff claims he had not actually seen the Policy at the time of the Assignment, nor did he ever see it until State Farm filed this motion over eighteen months later. State Farm now asserts that because Plaintiff is not a named beneficiary under the Policy, he has no contractual right to seek damages arising out of the Claim.[1]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable

---

[1] This matter is governed by the Hurricane Ida Case Management Order and the automatic stay except for the narrow purpose of pursuing the instant motion to dismiss. (*See* Rec. Doc. 11) (order of Magistrate Judge Currault granting Defendants' motion to opt out of the CMO in part only for determination of this motion to dismiss).

inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## <u>DISCUSSION</u>

State Farm asserts that Plaintiff's claims should be dismissed because he is not a named beneficiary of the Policy and therefore has no right of action to sue for its enforcement. State Farm also contends that the Trepagniers' attempt to assign their rights under the Policy to Plaintiff was ineffective because such assignments are prohibited under the Policy without written consent from State Farm. Plaintiff contends that the language of the Policy is ambiguous and that he had no knowledge of the existence of the anti-assignment clause at the time he purchased the Trepagniers' house.

### I.   THE POLICY LANGUAGE IS UNAMBIGUOUS

The Policy states, in relevant part:

> **Assignment of Claim.** Assignment to another party of any of your rights or duties under this policy regarding any claim, or any part of any claim, whether the assignment is made prior to or after the loss, will be void. We will not recognize any assignment, unless we give our written consent.

(Rec. Doc. 12-2, at 27). State Farm asserts that this is a clear and unambiguous waiver of the right to assignment which makes the attempted Assignment of Rights between the Trepagniers and Plaintiff null and void.

Plaintiff argues that despite this anti-assignment clause, he maintains an enforceable right of action against State Farm. Plaintiff reasons that anti-assignment clauses are disfavored by law for post-loss claims. Therefore, Plaintiff reasons, the post-Hurricane Ida assignment in this case should be upheld and enforced. In support of his argument, Plaintiff points to the *In re Katrina Canal Breaches Litig.*, 613 F.3d 504, 512 (5th Cir. 2010) in which the Fifth Circuit certified a question to the Louisiana Supreme Court asking,

> Does an anti-assignment clause in a homeowner's insurance policy, which by its plain terms purports to bar any assignment of the policy or an interest therein without the insurer's consent, bar an insured's post-loss assignment of the insured's claims under the policy when such an assignment transfers contractual obligations, not just the right to money due?

The Louisiana Supreme Court responded to this question, finding that, although the majority position amongst the other states disfavors and rejects restrictions on post-lost assignments, Louisiana law favors freedom of contract over freedom of assignability. *In re Katrina Canal Breaches Litig.*, 63 So.3d 955, 962 (La. 2011). "There is no public policy in Louisiana to prevent parties from contractually prohibiting post-loss assignments" as long as the language of the anti-assignment clause "clearly and unambiguously [expresses] that it applies to post-loss assignments," an evaluation which should be conducted on a policy-by-policy basis. *Id.* at 960, 964. Because insurance policies are adhesionary, "any contradiction or ambiguity in the contract must be strictly construed against the insurer." *Id.* at 963. *See also* La. Civ. Code art. 2056.

Plaintiff asserts that the anti-assignment clause in this case is ambiguous when read alongside two other provisions in the policy. The first, which immediately follows the sentence prohibiting assignment of pre- and post-loss proceeds, states that "[O]nce you have complied with all policy provisions, you may assign to another party, in writing, payment of claim proceeds otherwise payable to you." (Rec. Doc. 12-2, at 27). The second provides "[a]ssignment of this policy will be void and we will not recognize any such assignment, unless we give our written consent." *Id.* at 35. Plaintiff characterizes these as "competing policy provisions" which are "at best . . . contradictory in nature." (Rec. Doc. 13, at 17). However, this Court must disagree. It seems abundantly clear that the sentence stating that the policy holder may make assignments in writing only after complying with all policy provisions includes the very proceeding sentence in which the policy holder must first obtain State Farm's consent. The Court can find no ambiguity in the relevant language of the Policy and applies to all assignments "made prior to or after the loss." (Rec. Doc. 12-2, at 27).

## II.    MORE DISCOVERY IS NEEDED AS TO PLAINTIFF'S KNOWLEDGE

Louisiana Civil Code art. 2653 provides that even when a contract prohibits the assignment of rights, "such a prohibition has no effect against an assignee who has no knowledge of its existence." Plaintiff asserts that he had no knowledge of this existence of this clause and indeed had not seen the Policy until State Farm filed its motion to dismiss. Therefore, to overcome the burden that the anti-assignment clause is ineffective, Plaintiff contends that "State Farm must come forward with evidence

that Mr. Chiartano had possession of the Policy prior to the assignment." (Rec. Doc. 13, at 13).

State Farm argues that it is irrelevant whether or not Plaintiff had actual knowledge of the contents of the Policy because he should be deemed to have constructive knowledge. To this Court's knowledge, only two Louisiana Courts have considered whether constructive knowledge is sufficient under article 2653, and both Courts have deemed that it is. In *Funderburg v. Superior Energy Services, Inc.*, 83 So.3d 1148 (La. Ct. App. 5th Cir. 2011), the Louisiana Fifth Circuit Court of Appeals found the "no knowledge" requirement in art. 2653 did not protect a plaintiff who had prior possession of a Stock Option Agreement containing an anti-assignment clause. The court stated that "having admitted prior possession of a copy of the Stock Option Agreement, Mrs. Funderburg cannot under the practical facts of this case claim lack of knowledge or notice of the provisions of the Stock Option Agreement." *Id.* at 1155. Likewise, in *Fulltime Restoration Inc. v. State Farm Fire & Casualty Co.*, No. 21-1981, 2022 WL 90179 (W.D. La. Jan. 7, 2022), Judge Cain of the Western District of Louisiana considered an identical anti-assignment clause in a State Farm Policy. Judge Cain, citing *Funderburg*, found that "anti-assignment clauses would become meaningless if their enforcement depended on an actual review of the policy." *Id.* at *3. This Court agrees that art. 2653's protection of assignees with "no knowledge" of the existence of an anti-assignment clause cannot extend to individuals who could, with the exercise of reasonable care, have discovered the existence of said clause. To find otherwise would be to allow individuals who intentionally avoid reading

contracts with anti-assignment clauses to take advantage of art. 2653's protections. Therefore, Plaintiff's case rests on whether he could have, with reasonable diligence, obtained the contents of the Policy and discovered the existence of the anti-assignment clause.

State Farm asserts that Plaintiff must have possessed constructive knowledge of the Policy because the assignment itself referenced the Policy and claim number at issue, showing that Plaintiff was aware of the Policy's existence even if he did not have a copy of the document itself. However, despite this awareness, there is a clear factual dispute over whether Plaintiff was aware of its contents or could have discovered them with reasonable diligence. State Farm argues that it provided Plaintiff's counsel with a copy of the policy in October 2022, while Plaintiff asserts he never saw the Policy until State Farm filed the instant motion to dismiss. This case is in its early stages, and discovery has not yet commenced. Therefore, it would be inappropriate to dismiss Plaintiff's claims based on conflicting facts that would even survive a motion for summary judgment without further information.

Beyond this factual dispute, State Farm also asserts that constructive knowledge should be imputed to Plaintiff as a matter of law because he seeks recovery in the role of putative insured. State Farm reasons that under Louisiana law, an insured is deemed to know the contents of their insurance policy. (Rec. Doc. 14, at 5) (citing *Crowley v. GoAuto Ins. Co.*, 286 So.3d 466, 470 (La. Ct. App. 4th Cir. 2019)). Therefore, State Farm reasons, "Plaintiff cannot have it both ways: namely, Plaintiff cannot step into the shoes of the insured for purposes of obtaining all rights and

benefits thereunder while simultaneously proclaiming ignorance of coverage limitations and conditions. . . ." *Id.* However, State Farm's reply does not contain any cases in support of its assertion that no putative insured could ever take advantage of the protections of art. 2653. To hold that the "no knowledge" exception to art. 2653 could not apply to any putative insured would be to render the exception basically useless in any insurance contract. Indeed, all parties to written agreements are presumed to know their contents and are bound by their terms unless they can prove that there was some error or deceit. *See Coleman v. Jim Walter Homes, Inc.*, 6 So. 3d 179, 183 (La. 2009). By State Farm's logic, art. 2653 would be rendered ineffective for *any* assignee bound by the presumption that being party to a contract implies knowledge of its contents. It is clear that the literal language of art. 2653 refutes State Farm's assertion.

Finally, State Farm argues that even if the rights under the insurance policy were validly assigned to Plaintiff, the assignment does not unambiguously include bad faith claims under La. R.S. § 22:1973 or § 22:1892. State Farm is correct that "Louisiana law requires the assignment of a right to bring-extra-contractual, statutory claims for bad faith penalties must be expressly provided for in the act of assignment." *Roofing & Reconstruction Contractors of America, LLC v. Nationwide E&S Specialty Scottsdale Ins. Co.*, No. 23-6509, 2024 WL 1223438, at *1 (E.D. La. March 21, 2024). *See also Johno v. Doe*, 187 So.3d 581, 585 (La. Ct. App. 4th Cir. 2016). State Farm is correct that the Assignment of Rights does not expressly mention bad faith penalties. (Rec. Doc. 12-3). Therefore, State Farm is correct that

Plaintiff's bad faith claims must be dismissed even though his breach of contract claims remain.

**<u>CONCLUSION</u>**

Accordingly, **IT IS HEREBY ORDERED** that State Farm's *Motion to Dismiss* **(Rec. Doc. 12)** is **GRANTED, in part**, as to Plaintiff's bad faith claims, but **DENIED** as to Plaintiff's other claims.

**IT IS FURTHER ORDERED** that this matter be returned to the Streamlined Settlement Program for further proceedings.

New Orleans, Louisiana, this 24th day of June, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE